The **GUARDIAN LIFE INSURANCE COMPANY OF AMERICA**, Plaintiff,

v.

**Polly COOPER, Defendant.**

**Civ. A. No. 92–2290–KHV.**

United States District Court, D. Kansas.

Aug. 25, 1993.

Robert W. McKinley, Tedrick Addison Housh, III, Swanson, Midgley, Gangwere, Clarke & Kitchin, Kansas City, MO, for plaintiff.

Edward M. Boyle, J. Tyler Peters, Payne & Jones, Chtd., Overland Park, KS, for defendant.

### MEMORANDUM AND ORDER

VRATIL, District Judge.

This matter comes before the Court on various motions and matters raised at the

status conference conducted August 24, 1993. Having considered the arguments of counsel, the court hereby makes the following orders:

1. *Plaintiff's Motion for Summary Judgment* (Doc. # 43) is sustained for the reasons stated on the record. The relevant provisions in the insurance policy are not ambiguous. The policy defines total disability as follows:

> Total disability means that, because of sickness or injury, you are not able to perform the major duties of your occupation.
>
> Occupation means your regular occupation or profession at the time you become disabled.
>
> If you have limited your professional practice to a recognized specialty in medicine, dentistry, law, or accounting, we will deem your specialty to be your occupation.
>
> You will be totally disabled even if you are at work in some other capacity so long as you are not able to work in your occupation.

The application for insurance, which is incorporated into the insurance policy itself, lists Cooper's occupation as "registered nursing" and her major duties as "cardiac care nurse."

Cooper argues that the policy's definition of total disability is inherently ambiguous and that she is totally disabled under the policy because she is unable to perform the major duties of a cardiac care nurse. The plain language of the policy, however, indicates that Cooper is totally disabled when she is unable to perform the duties of a registered nurse. Under Kansas law, "[a] policy is not ambiguous unless, viewing it as a whole, there is no genuine uncertainty as to which one of two or more meanings is the proper meaning." *Penalosa Coop. v. Farmland Mutual Ins. Co.,* 14 Kan.App.2d 321, 789 P.2d 1196, 1198 (1990). Where the terms are unambiguous, the court should construe them "according to their plain, ordinary, and popular sense." *Resolution Trust Corporation v. Continental Cas. Co.,* 799 F.Supp. 77, 82 (D.Kan.1992). The test is what a reasonable person would have understood the words to mean. *Westchester Fire Ins. Co. v. City of Pittsburg, Kansas,* 768 F.Supp. 1463, 1467 (D.Kan.1991).

The parties do not dispute that Cooper was working as a registered nurse at the time she became disabled. In fact, the parties do not dispute that Cooper is presently employed as a registered nurse. The court refuses to read into the policy a proviso that Cooper is entitled to benefits if she is unable to perform the major duties of a subspecialty (cardiac care nurse) of her occupation (registered nurse). To do so would render meaningless the third paragraph of the foregoing definition, which in certain circumstances not applicable to Cooper deems the insured's "specialty" to also be the insured's "occupation" for purposes of determining total disability. The only reasonable reading of the policy is that Cooper is entitled to benefits only if she is unable to perform the major duties of a registered nurse. Since Cooper is presently employed as a registered nurse, it is apparent that she is able to perform the major duties of a registered nurse and is not totally disabled under the policy. Accordingly, Guardian's motion for summary judgment is sustained.

2. *Defendant Polly Cooper's Motion for Summary Judgment and Partial Summary Judgment* (Doc. # 45) is overruled. In light of the above ruling, Cooper's motion for summary judgment on Counts I (insurance coverage) and II (breach of contract) of her counterclaim is necessarily overruled. Cooper also seeks partial summary judgment on Counts III (fraudulent misrepresentation), IV (negligent misrepresentation), and V (reformation) of her counterclaim. Specifically, Cooper seeks an order finding that Martin J. Raskin was an agent and/or employee of Guardian, and that any representations by Raskin were within the scope of that agency/employment and are binding on Guardian. Whether the alleged representations were made and the content of such representations, however, are disputed. On this record it is impossible to determine as a matter of law whether the alleged representations were the within the scope of Raskin's express, implied, or apparent authority and are therefore binding on Guardian. Accordingly, Cooper's motion for partial summary judgment is overruled.

3. In light of the above rulings, the first part of *Plaintiff's Motion in Limine* (Doc. # 52) is moot. In the second part of the motion Guardian seeks to exclude evidence of Raskin's alleged representations concerning the policy. Guardian contends that the language contained in the application for insurance precludes it from liability for any statements made by Raskin concerning the policy. The language in the policy, however, does not state that Guardian will not be bound by any statement made by Raskin; therefore, the provision is distinguishable from that in *Smither v. United Benefit Life Ins. Co.*, 164 Kan. 447, 190 P.2d 183 (1948). Evidence of the alleged representations by Raskin is vital to the determination of whether such representations were made within the express or implied scope of Raskin's agency/employment and are binding on Guardian. Accordingly, Guardian's motion to exclude evidence of the representations is overruled, without prejudice.

**IT IS THEREFORE ORDERED** that *Plaintiff's Motion for Summary Judgment* (Doc. # 43) is sustained; *Defendant Polly Cooper's Motion for Summary Judgment and Partial Summary Judgment* (Doc. # 45) is overruled; and *Plaintiff's Motion in Limine* (Doc. # 52) is overruled.

**IT IS FURTHER ORDERED THAT:**

1. The parties shall participate in mediation with The Honorable Herbert Walton on or before September 15, 1993.

2. In order to simplify the proceedings for purposes of trial, the parties are realigned as follows: Polly Cooper, plaintiff; The Guardian Life Insurance Company of America, defendant.

3. On or before August 27, 1993 Cooper shall file any motion for a jury trial. Guardian shall respond by September 3, 1993.

4. The court's *Order* of July 2, 1993, is amended as follows:

(a) Cooper shall file proposed findings of fact and conclusions of law and any trial brief by September 14, 1993.

(b) Guardian Life shall file proposed findings of fact and conclusions of law and any trial brief by September 17, 1993.

(c) Stipulations of fact and agreed conclusions of law shall be filed by **September 20, 1993.**

**IT IS SO ORDERED.**